[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO REQUEST TO REVISE NO. 105
This case arises out of a contract for the sale of a home by the defendants, Valdemars and Celeste-Sur Clemente (Clementes), to the plaintiffs, Choeun Yang and Tha Thong. Also named as a defendant is Gilles Gauthier (Gauthier), a home improvement contractor, whom the plaintiffs hired to construct a front porch on the home they were to purchase from the Clementes. In their complaint, dated November 29, 1995, the plaintiffs allege the following facts.
In anticipation of their purchase of the Clementes' home, the plaintiffs hired Gauthier to construct a front porch on the house. Sometime thereafter, the plaintiffs discovered that the Clementes had made improvements on the home without the appropriate building permits and inspections, and that no certificate of occupancy had been issued for the home since the improvements had been made. The plaintiffs immediately rescinded their agreement to purchase the property and demanded $2725 from the Clementes, the amount they had already paid Gauthier for construction of the porch.
The plaintiffs' complaint sounds in three counts. The first count is directed toward the Clementes and demands "restitution" of the $2725. The second count alleges breach of contract against Gauthier for his alleged deficient workmanship in constructing the porch. The third count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA) against Gauthier. On February 2, 1996, the Clementes were defaulted for failure to appear.
On February 2, 1996, Gauthier filed a request to revise seeking deletion of several paragraphs of the complaint. In the CT Page 5496-III second count, Gauthier seeks to have the first five paragraphs deleted, which paragraphs set forth background factual material about the contract between the plaintiffs and the Clementes. Gauthier contends that those paragraphs should be stricken from count two, the breach of contract claim, since they "do not set out any elements or facts which would constitute a breach of contract." The plaintiffs have objected on the ground that the paragraphs "name the various parties to the action and the purpose of the contract that was breached."
The court overrules the objection as to paragraphs two, three and four, and sustains the objection as to paragraphs one and five. Paragraphs one and five name the parties to the breach of contract claim, the plaintiffs and Gauthier, and, as such, are necessary to count two. Paragraphs two, three and four, however, allege facts extraneous to the plaintiffs' claim of breach of the home improvement contract with Gauthier. It should be noted that although the plaintiffs allege that they rescinded their contract with the Clementes because they discovered that the Clementes had made unauthorized improvements to the house, the basis of their breach of contract claim against Gauthier is Gauthier's allegedly deficient construction of the porch. As such, the paragraphs that refer to the Clementes' actions are inapplicable to the breach of contract claim against Gauthier and, accordingly, those paragraphs are stricken from count two.
Gauthier's second request to revise addresses paragraphs one through five, eight and ten of the third count, the plaintiffs' CUPTA claim. The court rules on paragraphs one through five in the same manner as above. Paragraphs eight and ten allege that the plaintiffs have demanded return of the $2725 from Gauthier and, despite that demand, he has failed to return the money. Gauthier argues that those allegations are impertinent and immaterial in that they do not set out any elements or facts necessary to the CUTPA claim. The plaintiffs respond that those paragraphs set forth allegations of damages which is required for a CUTPA claim.
The court sustains the objection as to paragraphs eight and ten of count three. The elements of a CUTPA claim are that the defendant has engaged in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b(a); Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559, 591, 657 A.2d 212
(1995). Paragraphs eight and ten contain allegations which, if CT Page 5496-JJJ true, could constitute a basis for the plaintiffs' claim that Gauthier engaged in unfair methods of competition by failing to return moneys allegedly owed to them. Accordingly, the court sustains the plaintiffs' objection to Gauthier's second request to revise as to paragraphs one, five, eight and ten, and overrules the objection as to counts two, three and four.
Gauthier's last request to revise is directed towards the plaintiffs' prayer for relief in count one, in which the plaintiffs seek attorney's fees. Gauthier argues that the plaintiffs have not referred to a specific statutory or contractual basis for the imposition of attorney's fees should they prevail. The plaintiffs argue that: (1) "as a court of equity, this court can award attorney's fees where appropriate"; (2) the rules of practice do not require a specific reference to a statute or contractual provision as the basis for a claim of attorney's fees; and (3) Gauthier may not attack count one since it is not directed towards him.
Contrary to the plaintiffs' contentions, it is well-settled that "a party cannot recover attorneys' fees in the absence of statutory authority or a contractual provision." Doe v. State,216 Conn. 85, 106, 579 A.2d 37 (1990). Thus, the claim for attorney's fees could be stricken on that basis. However, the third ground of the plaintiffs' objection appears to be well-founded. Since count one is not directed towards Gauthier, he cannot challenge the sufficiency of that count. Accordingly, the court sustains the plaintiffs' objection to Gauthier's third request to revise.
Stodolink, J.